**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

**No. 97-10830**
**Summary Calendar**

**STATE FARM INSURANCE COMPANY,**

Plaintiff - Counter-Defendant,

VERSUS

**LA TRINH BAO,**

Defendant - Appellee,

VERSUS

**LE HONG TRAN,**

Defendant - Counter Claimant - Appellant.

Appeal from the United States District Court
For the Northern District of Texas

(3:96-CV-2909-AH)

April 3, 1998

Before DUHÉ, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This is an interpleader action filed by State Farm on October 21, 1996, to bring to court the parties necessary to determine the appropriate beneficiary of certain life insurance proceeds payable under the policy which State Farm issued to Hoa Tran ("Hoa") as named insured, who died June 1, 1996. The insurance proceeds totaling $101,852.53 were paid into the registry of the court and State Farm was subsequently dismissed. The policy was originally issued in August 1995 and named as primary beneficiary was Hoa's mother, Tran, and the successive beneficiary was Hoa's sister. In January 1996, Hoa executed a change of beneficiary and delivered the same to the agent of State Farm and by this change of beneficiary form Hoa named La Trinh Bao Truc ("Truc") as primary beneficiary and designated his mother as secondary beneficiary and his sister as successor beneficiary. Hoa and Truc had become engaged to be married shortly before the change of beneficiary was executed. Several months after executing the change of beneficiary, Hoa made a trip to Vietnam where he died. After HOA's death both Tran, his mother, and Truc, his fiancé, filed claims with State Farm for payment of the insurance proceeds. Truc claimed that as the beneficiary named in the written change of beneficiary form she was entitled to the proceeds. Tran claimed that the change of beneficiary form had been executed by Hoa as a result of undue influence, misrepresentation and fraud perpetrated by Truc. Both parties moved for summary judgment and the dispute was submitted to the magistrate judge by agreement. The magistrate

judge ruled that Tran failed to offer competent summary judgment evidence which was sufficient to raise a genuine issue of material fact as to her contentions regarding fraud, misrepresentation and undue influence.  Accordingly, the magistrate judge granted judgment for Truc.  Tran filed a timely appeal to this Court.

We have carefully reviewed the brief,[2] and the record excerpts and relevant portions of the record itself.  For the reasons stated in the magistrate judge's Memorandum Opinion and Order filed under date of June 6, 1997, we conclude that the Final Judgment filed on June 18, 1997, should be, and the same is, hereby

AFFIRMED.

---

[2]  Tran, the appellant, filed a brief and record excerpts; but Truc filed no brief.